NO. 07-05-0422-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 14, 2006
_____

RICKY GARCIA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408,257; HON. JIM BOB DARNELL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant, Ricky Garcia, was convicted of sexual assault. He contends that the conviction should be reversed because he was denied his right to remain silent in violation of the United States Constitution and article 38.23 of the Texas Code of Criminal Procedure. We overrule the issue and affirm the judgment of the trial court.

**Background**

According to the record, appellant's wife was awakened during the early morning of December 20, 2004, to sounds of moaning coming from the bedroom of her fourteen-year-

old daughter. Upon entering the room, she found her husband in bed with the girl (who was also appellant's stepdaughter). Appellant's underwear and shorts were down to his knees, and he confessed to her "this wasn't the first time" he had sexual relations with the teenager.

The police were called and, upon their arrival, one of the officers entered and asked, "What's going on?" In response, appellant stated that he had slept with his stepdaughter. He then turned his back to the officer and put his hands in a position to be handcuffed without being requested to do so. One of the officers escorted appellant outside and read him the *Miranda* warnings. Appellant then indicated that he did not wish to speak to the officers.

Appellant was arrested and taken to jail. Thereafter, neither of the responding officers questioned him about the incident. Approximately six hours later, the detective who had been assigned the case, but who was unaware that appellant had invoked his right to remain silent, went to appellant's cell and asked if he cared to talk about the incident. In response, appellant gave the detective a written statement in which he admitted having sexual intercourse with his stepdaughter on December 20 and on several other occasions. This statement was admitted into evidence at trial.

### *Motion to Suppress*

As previously mentioned, appellant contends that his statement was inadmissible given that it was secured in violation of his constitutional and statutory rights. No officer should have solicited from him information about the crime once he invoked his right to remain silent, according to appellant.

Assuming *arguendo* that the statement was inadmissible, we nevertheless find its admission harmless.[1]  Other evidence presented to the jury consisted of appellant's confessions or admissions uttered to both his wife and the two police officers, appellant's gesture of voluntarily placing his hands behind his back after admitting that he had "slept" with his stepdaughter, the testimony of the assault victim wherein she said that she and he had engaged in sex then and at other times, the testimony of appellant's wife regarding the discovery of appellant in bed with the teenager with his pants down and genitals exposed, and, most importantly, appellant's sperm or DNA (identified as his through analysis) found on the victim's underwear and vaginal area.  So, not only was the substance of his confession to a large degree redundant of other testimony admitted into evidence but that other evidence overwhelmingly established his guilt.  This negates any reasonable doubt as to whether the written confession contributed to appellant's conviction and punishment. Simply put, it did not.

The judgment of the trial court is affirmed.


Brian Quinn
Chief Justice

Do not publish.

---

[1]In assessing the harm from constitutional error, we must reverse the judgment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment.  *Mayes v. State,* 8 S.W.3d 354, 361 (Tex. App.–Amarillo 1999, no pet.).